UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MASONRY INDUSTRY TRUST ADMINISTRATION, INC., an Oregon Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>STACEY FIRTH, an individual; and JAMES HENRIKSON, an individual,<br><br>    Defendants. | Case No.:3:06-cv-01639-HA<br>ORDER |

HAGGERTY, District Judge:

Plaintiff filed a Complaint against defendants to recover contributions owed on behalf of various employees of defendants who performed work covered by the applicable collective bargaining agreement. Plaintiff filed a Motion for Summary Judgment [108], and defendants failed to respond. For the following reasons, plaintiff's Motion for Summary Judgment is granted in part and denied in part.

1- ORDER

## BACKGROUND

Plaintiff, Masonry Industry Trust Administration, Inc., is an Oregon corporation that acts as the administrative agent for the Masonry Industry Funds (the Funds), which are comprised of several trust funds that accept and administer contributions for employers to cover employment and retirement benefits. The Funds are comprised of the Northwest Bricklayers Pension Trust Fund, the Masonry Welfare Trust Fund, the Apprentice and Journeyman Training Trust Fund, the Masonry Vacation Trust Fund (which has merged with the Masonry Welfare Trust Fund), the Bricklayers and Allied Craftworkers, Local 1 of Oregon, and several others. Employers pay contributions to the Funds on behalf of employees who perform work covered by the applicable collective bargaining agreement.

The Northwest Bricklayers Pension Trust Fund and the Northwest Bricklayers and Allied Craftworkers Defined Contribution Trust Fund (collectively "Pension Funds") provide retirement benefits to participants. These are "employee pension benefit plans" under 29 U.S.C. § 1002(2)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA"). The Masonry Welfare Trust Fund ("Welfare Fund") provides health-related and vacation benefits to participants and their dependants. The Apprenticeship Training Trust ("Apprenticeship Fund") provides funding for the training of apprentices and journeymen in the masonry industry. The Welfare Fund and the Apprenticeship Fund are "employee welfare benefit plans" under 29 U.S.C. § 1002(1) of ERISA. Collectively, the Pension Fund, the Welfare Fund, and the Apprenticeship Fund are referred to as "ERISA Funds."

Additionally, the applicable collective bargaining agreement requires contribution to certain ancillary funds. Specifically, it requires contributions to the Bricklayers and Allied

2- ORDER

Craftworkers, Local 1 of Oregon and the Oregon MIO promotion fund (collectively "Ancillary Funds").

Accent Masonry, LLC entered into an agreement with the Bricklayers and Allied Craftworkers, Local 1 of Oregon, in which they agreed to be bound by the applicable collective bargaining agreement and the agreements that govern each Fund. Accent Masonry, LLC also agreed to pay contributions to the ERISA Funds and the Ancillary Funds on behalf of its employees who performed work covered by the collective bargaining agreement. These contributions were to be payed to plaintiff. Plaintiff alleges that defendants had not paid all contributions on behalf of employees who performed work covered by the collective bargaining agreement between January 2005 and June 30, 2005. Since that time, plaintiff has obtained payment of those contributions, but currently seeks to recover liquidated damages, interest, attorney fees, and court costs.

Pursuant to the agreements that govern the Funds, if contributions to the Pension Fund, the Welfare Fund, and the Apprenticeship Fund are not paid by the 25th day following the month in which work was performed, interest is assessed on the delinquent contributions at a rate of eighteen percent per year. If contributions are not made to the Pension Funds, the Welfare Fund, and the Apprenticeship Fund by the 10th day of the month following the month of the due date, liquidated damages are assessed at ten percent of the delinquent contributions. The agreements also provide for attorney fees and audit fees. Finally, each Ancillary Fund is entitled to interest on delinquent contributions at a rate of nine percent per year, pursuant to Oregon Revised Statute § 82.010.

Plaintiff calculated the interest on the delinquent contributions to be $35,324.41 on the

3- ORDER

ERISA Funds and $3,895.84 on the Ancillary Funds. The liquidated damages were calculated to be $11,222.95.

On June 20, 2008, this court awarded plaintiff Default Judgment against defendants Accent Masonry, LLC and Greystone Masonry, LLC for the period of January 1, 2005 to June 30, 2005. This court then stayed the case against defendants Stacey Firth and James Henrikson pending the resolution of their bankruptcy hearing in the Eastern District of Washington. The stay has been lifted and plaintiff filed the current Motion for Summary Judgment against defendants Firth and Henrikson, alleging that they are liable as "officers" or "agents" of Accent Masonry, LLC.

## STANDARD

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see Bahn v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The moving party carries the initial burden of proof and meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Once the initial burden is satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Id.*

The court must view the evidence in the light most favorable to the non-moving party. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citations omitted). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *MetroPCS, Inc. v. City & County of S.F.*, 400 F.3d 715, 720 (9th Cir. 2005)

(citation omitted). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Ins. County of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981) (citing Fed. R. Civ. P. 56(c)).

Deference to the non-moving party has limits. The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The "mere existence of a scintilla of evidence in support of the [non-moving party's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## DISCUSSION

Plaintiff asserts that defendant Firth is personally liable for contributions that Accent Masonry, LLC failed to make to the Funds. Defendant Firth signed the agreement with Bricklayers and Allied Craftworkers, Local 1 of Oregon on behalf of Accent Masonry, LLC. The agreement states, in part, "If the Employer is a corporation, or other business entity other than an individual, the individual signing this Agreement on behalf of the Employer acknowledges that his signature binds himself individually, as well as the corporation or other business entity." Accordingly, there remains no genuine issue of material facts as to whether defendant Firth is personally liable for the interest and liquidated damages for unpaid contribution to the Funds.

Plaintiff also asserts that defendant Henrikson is personally liable for the contributions that Accent Masonry, LLC failed to make to the Funds. In so doing, plaintiff claims that Henrikson is liable because he was an "officer" or "agent" of Accent Masonry, LLC, controlled

5- ORDER

the financial decisions, and willfully failed to pay wages to their employees. Officers of a corporation may be liable for the company's contribution obligations in situations in which justice requires piercing the corporate veil. *Trustees of Screen Actors Guild-Producers Pension and Health Plans v. NYCA, Inc.*, 572 F.3d 771, 776 (9th Cir. 2009). However, plaintiff has put forth no evidence demonstrating defendant Henrikson's relation to Accent Masonry, LCC. Accordingly, summary judgment is not warranted with respect to defendant Henrikson.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Summary Judgment [108] is GRANTED in part and DENIED in part. Plaintiff's motion is GRANTED as to defendant Firth and DENIED at to defendant Henrikson. Plaintiff is awarded $39,220.25 in interest and $11,222.95 in liquidated damages. Plaintiff shall prepare a proposed judgment and submit it to the court.

IT IS SO ORDERED.

Dated this 28 day of May, 2013.

                                           ANCER L. HAGGERTY
                                           United States District Judge